IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JOHN BARTHOLOMEW LOWE**                                                                              **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO. 2:15-CV-76-KS-MTP**

**SHERIFF ALEX HODGE, in his official
and individual capacity, MAJOR RANDY
JOHNSON, in his official and individual capacity,
SERGEANT PAM ADKINS, in her official and
individual capacity, CAROL JOHNSON, in her
official and individual capacity, SERGEANT
JONATHAN CARTER, SERGEANT LUCILLE
HOWARD, and JANE and JOHN DOES**                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff John Bartholomew Lowe's ("Plaintiff") Motion for Permission to Appeal or Object to Order ("Motion for Appeal") [28] and Motion for Reconsideration [31]. After considering the submissions of the parties, the record, and the applicable law, the Court finds that the Motion for Appeal [28] is well taken and should be granted. The Court further finds that the Motion for Reconsideration [31] should be denied.

### I. BACKGROUND

On July 22, 2015, Plaintiff filed his Motion for a Temporary Restraining Order and Preliminary Injunction [16] in this case, requesting that he "receive necessary, unobstructed, unfrustrated [sic], and immediate access to courts and legal counsel and access to legal material as afforded by state, federal and constitutional laws and rights." (Motion [16] at p. 1.) The Court issued an Order [25] denying this motion on September 1, 2015. Plaintiff subsequently filed his Motion for Appeal [28] on September 18, 2015. He then filed his Motion for Reconsideration [31] of this order on November 30, 2015.

### II. DISCUSSION

### A. Motion for Appeal [28]

When an interlocutory order explicitly grants or denies an injunction, it is immediately appealable as of right under 28 U.S.C. § 1292(a). *Sherri A.D. v. Kirby*, 975 F.2d 193, 203 (5th Cir. 1992). Had Plaintiff filed a notice of appeal instead of his Motion for Appeal [28], it would have been timely. As Plaintiff is proceeding pro se, the Court will not penalize him for not understanding the nuances of the procedural law and will therefore **grant** his Motion for Appeal [28]. The Court will treat this as a grant of a motion for appeal by permission under Federal Rule of Appellate Procedure 5(d) and will not require a notice of appeal to be filed. Within fourteen (14) days after entry of this order, Plaintiff must pay the Clerk all required fees and file a cost bond if required under Federal Rule of Appellate Procedure 7. Fed. R. App. P. 5(d)(1).

### B. Motion for Reconsideration [31]

"A motion asking the court to reconsider a prior ruling is evaluated . . . as a motion . . . under Rule 59(e) . . . [when] filed within twenty-eight days after the entry of judgment . . . ." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Plaintiff's Motion for Reconsideration [31] was filed ninety (90) days after the Court's order denying a preliminary injunction. His Motion for Reconsideration [31] is therefore time-barred.

However, even if this motion were filed timely, it would be denied. "A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C.*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Plaintiff does not address any of these grounds in his Motion for Reconsideration [31]. The Court therefore finds that this

motion should be **denied**.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motion for Appeal [28] is **granted**.  No notice of appeal is required.  Within fourteen (14) days after entry of this order, Plaintiff must pay the Clerk all required fees and file a cost bond if required under Federal Rule of Appellate Procedure 7.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's Motion for Reconsideration [31] is **denied**.

SO ORDERED AND ADJUDGED this 4th day of January, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE